JARRETT LUMBER CORPORATION, *Plaintiff in Error*, v. MAG-
GIE CHRISTOPHER AND P. J. CHRISTOPHER, *Defendants
in Error*.

### Opinion Filed April 22, 1913.

1. The construction of a steam railroad track and the running
   of steam railroad trains thereon is an added burden upon a
   street not contemplated by a mere dedication of land for ordi-
   nary street purposes; and for such added burden the owner
   of the soil has appropriate remedies.

2. In an action of trespass *quare clausum fregit* against a rail-
   road company for constructing and operating a railroad over
   plaintiff's land covered by the street, the entire damage done
   to plaintiff's abutting property by the construction and proper
   operation of the railroad may be recovered in an action, and
   the recovery should not be limited to damage sustained an-
   terior to the commencement of the action.

3. A log railroad may be a permanent structure.

Writ of error to the Circuit Court for Jackson County.

Judgment affirmed.

*Paul Carter*, for Plaintiff in Error;

*R. H. Buford* and *Avery & Price*, for Defendants in
Error.

WHITFIELD, J.—This action was brought by the defend-
ants in error to recover damages for a trespass committed
by the corporation in constructing without permission a
steam railroad track on a street abutting plaintiff's lands,
the soil of the street on which the railroad was built being

the property of the plaintiffs subject to the street ease-
ment.   There was a plea of not guilty and verdict and
judgment for the plaintiffs.   The defendant took writ of
error, and contends here that the trial court erred in not
limiting the recovery to the damages which accrued before
this action was brought, and that the recovery is excessive.

The construction of a steam railroad track and the
running of steam railroad trains thereon is an added bur-
den upon a street not contemplated by a mere dedication
of land for ordinary street purposes; and for such added
burden the owner of the soil has appropriate remedies.
See Seaboard Air Line Ry. v. Southern Inv. Co., 53 Fla.
832, 44 South. Rep. 351; Jacksonville, T. & K. W. Ry. Co.
v. Lockwood, 33 Fla. 573, 15 South. Rep. 327.

In an action of trespass *quare clausum fregit* against
a railroad company for constructing and operating a rail-
road over plaintiff's land covered by the street, the entire
damage done to plaintiff's abutting property by the con-
struction and proper operation of the railroad may be
recovered in an action, and the recovery should not be
limited to damage sustained anterior to the commence-
ment of the action; and it is not error to admit testimony
as to the market value of the property before and after
the construction of the road.   Jacksonville, T. & K. W.
Ry. Co. v. Lockwood, 33 Fla. 573, 15 South. Rep. 327.

In this case the only plea is the general issue of not
guilty, and there is nothing in the record to indicate that
the railroad constructed on the plaintiffs' soil which is
called a log road used for mill purposes is not a perma-
nent structure, so as to take it out of the above rule.

There is substantial evidence to sustain the amount of
the verdict, and it does not appear that the jury were

not governed by the evidence. No material errors are shown, and the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCK-ET, J. J., concur.