TAMPA & GULF COAST RAILROAD COMPANY, A CORPORATION, *Appellant*, v. MARY A. MULHERN, *Appellee*.

Opinion Filed January 31, 1917.

1. Damages for injuries to abutting lands, caused by the operation of a Steam Railway on a street in front of the injured property, cannot be recovered in equity, there being an adequate remedy at law.

2.  This case, being one for damages solely, bears no analogy to the doctrine in the case of Florida Southern R. Co v. Hill, 40 Fla. 1, 23 South. Rep. 566, because in that case the equity jurisdiction was predicated upon the theory that the taking of complainant's land created a claim in the nature of a vendor's lien for the purchase price.

3.  The true test of the rule of "no adequate remedy at law," is whether a valid judgment could be obtained by a proceeding at law, and not whether such judgment would procure pecuniary compensation.

Appeal from Circuit Court for Pinellas County; O. K. Reaves, Judge.

Order reversed.

*McKay, Withers & Phipps,* for Appellant;

*King & Spear,* for Appellee.

BROWNE, C. J.—On September 21st, 1915, Mary A. Mulhern filed her bill in equity in the Circuit Court of Pinellas County, Florida, in which she alleges that she is seized in fee simple of certain lots in the city of St. Petersburg, Florida, which abut on Second Avenue South, a public street of said city, and also the grounds included in the bed of Second Avenue South, adjoining and abutting on said lots to the center line of said street. That the Tampa and Gulf Coast Railroad Company without authority or right, and without condemnation proceedings, and without compensating her therefor, entered into and upon said street and took possession thereof and constructed thereon and thereover a railroad track down the center of said street, and is operating a railroad by cars and trains drawn by steam engines, at intervals each day

and night. That she is entitled to have the street used only as a public street, and to free and uninterrupted passage along said street, and to be protected against any use of the street for any purpose detrimental to her quiet enjoyment and occupation thereof. That the railroad company had authority or right to construct and operate a railroad on said street without compensating her "whose property abutting on said street is taken, destroyed, and interfered with and has depreciated in value by the construction, maintenance and operation of such railroad, and defendant, at all times, neglected, failed and refused * * to compensate your oratrix for the injuries herein complained of." That the operation of said railroad on said street imposes a new and additional burden and servitude upon said property not included in the easement of the public in said street. That thereby she has been damaged to the amount of a thousand dollars; that the offending railroad company is insolvent, and that a judgment at law against it would be uncollectible and of no value.

She prays that the amount due her from said railroad company be ascertained by the court and it be decreed to pay her said amount, and that the amount so found be decreed to be a superior lien on the property of the railroad wrongfully taken from her, and if the amount so found to be due her be not paid by the railroad within — days the property be sold and the proceeds applied to the satisfaction of her claim.

To this bill the appellant demurred on the grounds: First, that there is no equity in the bill; second, that there is a complete and adequate remedy at law; third, that the only relief prayed for is a money judgment which is recoverable at law, and not in equity; fourth, that a court of equity has no jurisdiction to grant the relief prayed for in the bill. The demurrer presents the question,

whether or not a court of chancery is the proper forum to adjudicate the complainant's claim.

The Chancellor overruled the demurrer, and stated in his order that he did so upon the authority of Florida Southern R. Co. v. Hill, 40 Fla. 1, 23 South. Rep. 566. The case is before this court on appeal from this interlocutory order.

The doctrine in the Hill case does not support the ruling of the Chancellor in the instant cause. In the former, the court reached its conclusion that complainant might have his remedy in equity upon the theory that the landowner stood towards the railroad company in the relation of a vendor who sells his land on credit, and that while he holds the title, equity will enforce his claim against the land as it would a vendor's lien, and Mr. Justice CARTER who rendered the opinion of the majority of the court, said: "This view impresses us as being eminently right and just, and correct in principle. For the transaction is nothing more nor less than an implied sale of an easement in the land." To bring this case within the doctrine of the Hill case, we would have to hold that there was an implied sale by the abutting owner of the easement in the street. This easement being in the public, the abutting owner cannot sell it, as it has already been dedicated for the purpose of a public highway, and as his fee in the street is appurtenant to the title to the abutting land, he cannot sell the fee in the street independent of the same.

The complainant prays that if the amount found by the court to be due her be not paid within a given time that it be decreed "a lien upon the property of the defendant wrongfully taken by the defendant from your oratrix," and upon default of payment "that said premises be sold." The prayer in this respect is substantially in the

language of that in the Hill case, where the complainant was the absolute owner in fee simple of the land occupied by the railroad, and in the instant case, the complainant has only her easements in the street, and what the Supreme Court of South Carolina calls, the empty and theoretical right of private ownership of the fee in a street. South Bound R. R. v. Burton, 67 S. C. 515, 46 S. E. Rep. 340. The defendant in this cause had taken no property from the complainant that could be sold separate from the abutting land, because her easements of light, air and access were appurtenant to the land, and not capable of separate conveyance. The easements of an abutting owner cannot be reserved or conveyed, or exist separate from the property to which they pertain, so that land shall be owned by one, and the easements by another. They are appurtenant to the abutting land, and are indissolubly annexed thereto, until extinguished by release or otherwise. I Lewis on Eminent Domain, §120. "The easements of an abutting owner, invaded, are appurtenant to his premises, and in the nature of things they are indissolubly annexed thereto until extinguished by release or otherwise. They are incapable of distinct and separate ownership. Kernochan v. New York El. R. Co., 128 N. Y. 559, 29 N. E. Rep. 65.

In the case of Garrett v. Jacksonville, St. A. and H. R. R. Co., 20 Fla. 889, this court said: "The abutting proprietor here has the fee to the middle of the street, but his right, title and interest as against the public so long as it remains a street, is a right of way in the street and a right to its continued use as a street."

In the same case this court held that an abutting proprietor has no equity to enjoin the use of a street by a steam railway. In the case of Brown v. Florida Chau-

tauqua Association, 59 Fla. 447, 52 South. Rep. 802, this court said: "If a public nuisance causes special or peculiar injury to an individual different in kind and not merely in degree from the injury to the public at large, and the injury is substantial in its nature, the individual may have his civil remedy. If the remedy at law is inadequate equity will afford appropriate relief. Where an unlawful obstruction of a public highway merely affects injuriously an individual's right in common with the public to pass over the highway, the individual suffers no injury different in kind from the public and has no private right of action."

The rule in this State is that "the construction of a steam railroad track and the running of steam railroad trains thereon is an added burden upon a street, not contemplated by the mere dedication of land for ordinary street purposes, and for such added burden the owner of the soil has appropriate remedies." Jarrett Lumber Corp. v Christopher, 65 Fla. 379, 61 South. Rep. 831. It is clear therefore that it is for the damage to his abutting land that he is entitled to compensation, and no question of an implied sale enters into the act complained of. His damage and injury arising from tort, the remedy is on the law side of the court.

In order to maintain the contention that appellee, the complainant below, has no adequate remedy at law, the bill alleges on information and belief, that appellant, the Tampa & Gulf Coast Railroad Company, is insolvent, and that a judgment at law against it would be uncollectible and of no value. The inadequacy of a remedy at law to produce money, is not the test of the applicability of the rule. All remedies, whether at law or in equity, frequently fail to do that; and to make that the test of eq-

uity jurisdiction, would be substituting the result of a proceeding, for the proceeding which is invoked to produce the result. The true test is, could a judgment be obtained in a proceeding at law, and not, would the judgment procure pecuniary compensation.

Whatever damage the complainant below may have sustained by the operation of the steam railroad on the street abutting on her land, she may recover in a proper proceeding at law, and the Chancellor erred in overruling the defendant's demurrer to the bill.

The order appealed from is reversed.

TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.