DREW, Justice.
On June 9, 1952, four days after the amended complaint in equity for an accounting and other relief was filed in this cause, and before answer was due, the plaintiff moved for the entry of a summary judgment (not a summary final decree), •on the following grounds:
“1. That the depositions of record show that Plaintiffs are entitled to judgment in the amount prayed for in the Amended Bill of Complaint.
“2. That the depositions and admissions of record show that Plaintiffs are entitled to judgment in the amount prayed for in the Amended Bill of Complaint.
“3. That the depositions of record and the affidavits attached hereto show that the Plaintiffs are entitled to judgment in the amount prayed for in the Amended Bill of Complaint.”
The matter was heard by the lower court on June 20th (over the objections of the defendants), eleven days after the amended complaint was filed, and a summary final decree was rendered by the lower court on July 8th in which he substantially disposed of the litigation. It is from this summary judgment that this appeal is taken.
The decree appealed from is reversed for the following errors which appear from an examination of the record:
(1) 31 F.S.A. Equity Rule 40(a) provides that “A party seeking to recover upon a claim * * * may, at any time after the expiration of 20 days from the commencement of the action * * * move * * * for a * * * final decree in his favor”. Within the meaning and clear intention of this rule the “commencement of the action” was June 9, 1952, the date the amended bill of complaint was filed.
(2) The affidavits referred to in the motion were not attached to the motion or served therewith as required by Equity Rule 40(e).
Even had the motion been properly made, the affidavits offered at the hearing clearly established the existence of material disputed facts which could not properly be disposed of on motion for a summary final judgment.
Having determined that the decree of the lower court must be reversed for the reasons pointed out, it is unnecessary to pass on the other questions raised.
Reversed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.