DREW, Justice.
Sam E.-Murrell, Jr., sued to foreclose a first mortgage. The then owners of the fee to the lands encumbered by the mortgage, the original mortgagors and the owners of a second mortgage were made parties defendant. The .mortgage, and note for which it was- security, contained the usual provisions pertaining, to payment of reasonable attorney’s fees in event of default. Plaintiff alleged he had obligated himself to pay a reasonable attorney’s fee to Robert G. Murrell, his attorney of record. On January 15, 1954, after a decree pro confesso had been entered agáinst the makers of the first mortgage and the owner of the legal title, the lower Court granted plaintiff’s motion for a summary judgment as to the amounts due, except attorney’s fees claimed by plaintiff. As to this item, the Court allowed the plaintiff and the second mortgage holders time to file further affidavits on the subject. Thereafter, .on the basis of affidavits filed, the Court denied the motion for summary judgment as to attorney’s fees. On that order, the Court found, among other things, that “from the affidavits filed herein by the respective parties and from its o.wn knowledge that Sam E. Murrell, Sr. and Sam E. Murrell, Jr., along with Robert G. Murrell, prior.to his entry into the military service of the United States, are and were associated together in the practice of law; that Sam E. Murrell, Sr. is not authorized to represent directly or indirectly through Robert G. Murrell, the plaintiff Sam E. *284 Murrell, jr.” (Emphasis supplied) Thereafter, plaintiff moved the Court to set the cause down for hearing before the Court or a master “for the taking of testimony in support of agreement between plaintiff and his attorney as to their agreement to pay á reasonable attorney’s fee for representation of plaintiff by plaintiff’s attorney in this cause.” This motion' was denied by the Court.
Petitioner, the plaintiff in the Court below, has petitioned this Court, under 30 F.S.A. Rule 34, for review of the latter order of the Trial Court, as well' as the order denying attorney’s fees.
31 F.S.A. Equity Rule 40 provides that any party seeking to recover upon a claim may move with or without - supporting affidavits for a summary final decree in his favor upon all or any part thereof. The Rule further provides that the “final decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a final decree as a matter of law.”
After issues had been made upon the answer of the second mortgagee, which merely categorically denied the allegations of the complaint, the plaintiff moved for summary judgment and attached thereto affidavits establishing the amount of principal, interest and other charges due upon the mortgage as well as affidavits relating to. the agreement to pay attorney’s fees and the reasonableness thereof. No counter-affidavits were filed as to the amounts of principal and- interest due on the mortgage. The counter-affidavit filed by the attorney for the second mortgagee related solely to the question of whether or not the plaintiff had become obligated to pay his attorney of record a reasonable attorney’s fee for the foreclosure pf said mortgage. The lower Court granted the motion for final,decree as to the amount of indebtedness due the plaintiff but reserved ruling on the question of attorney’s fees “until after the filing of affidavits in support .and opposition thereto.” It appears from the record before us that the affidavits of the plaintiff were filed prior to the date of the entry of the order of the lower Court just above recited and that the only ■ affidavit that was filed subsequent thereto -was the affidavit of the attorney for the second mortgagee; and it-is apparent, on the basis of this latter affidavit, that the Court concluded that the plaintiff had not obligated himself to pay an attorney’s fee to his attorney of record and denied the allowance thereof.
Assuming, but not deciding, that, under the circumstances, shown by this record, the second mortgagee had a legal standing to question the agreement of the plaintiff to pay a reásonable attorney’s fee to his solicitor of record, the filing of the affidavit by the attorney for the second mortgagee created a genuine issue of a material fact on this question which the Court below did not have the power to decide on the basis of the affidavits alone. It is only in those instances where “the- pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact” -that the moving party is entitled to the entry of a decree. Where issues of fact are created, the rule contemplates that the cause will proceed to trial and the taking of testimony either before the Court or, in proper cases, before a master or examiner. The entry of the order denying the attorney’s fees to the plaintiff’s solici-tor was unauthorized. Compare Manning v. Clark, Fla. 1954, 71 So.2d 508. See also Wood v. Kleaveland, Fla. 1953, 64 So.2d 684.
The certiorari is granted and the challenged orders are quashed with directions for further proceedings in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.