SEBRING, Justice.
This appeal is from a summary final decree entered in favor of the plaintiffs on complaint, answer and supporting affidavits.
The appellees, who were the plaintiffs below, filed their complaint alleging, in substance, that they were the owners of certain real property which had been deeded to them in fee simple by the City of Anna Maria, on condition that the grantee named therein would develop within said property a yacht basin and would construct a road around the same for the benefit of the city; contemporaneously with the execution of the deed, the city granted to the grantee an easement over certain other real property of the city “to pass and repass, with vehicles or afoot, along and over said real property as a further consideration for the plaintiffs’ development and improvement of said yacht basin and.roadway” on condition, however, that the work of developing and improving the property would be completed within a two year period .from the grant of the easement; in and by the instrument conveying the easement the city gave to the grantee an option to purchase the property over which the easement was granted at a price to be determined by a board of arbitration; the grantee constructed the road for the benefit of the city within the time required but failed to complete the yacht basin within such period; thereafter in consideration of the fact that, the grantee had completed the road and turned the same over to the city, and for other good and valuable consideration, the city extended the time for the completion of the yacht basin until June 26, 1950. -The plaintiffs further alleged that the grantee “did fulfill, comply with, and effect in toto, prior to the 26th day of June 1950, the obligations and conditions required of him in the development and improvement of the lands” to the benefit of the city and therefore became entitled to his easement and the right to purchase the lands at a price to be fixed by a. board of arbitration, but that the city had refused to recognize the easement or to comply with the terms of the option to purchase agreement.
The prayer of the complaint was that the plaintiffs be decreed to be the owners in fee simple absolute of the easement in gross over the lands of the city and that the city be made to recognize the option to purchase agreement and required to arbitrate the selling price of the lands in the manner provided for in the instrument granting the easement
In due course the city answered the complaint, setting up in its answer that the option agreement was not valid and binding on the city for the reason that the same had been inserted in the instrument creating the easement by the city mayor and clerk without any authority or right whatsoever from 'or by the city and was therefore void and unenforceable. The remainder of the answer that is pertinent here consisted of a *695 simple denial that the grantee had fulfilled, complied with, and effected in toto the obligations and conditions imposed by the city in respect to construction and improvements.
After the answer was in the. city moved the trial court to enter a final summary decree in its favor “upon the defendant’s answer, the defendant’s supporting affidavits with the exhibit thereunto attached * * * and the other pleadings filed in this cause for the reason that the same showed that there is no genuine issue as to any material facts and that the defendant is entitled to a final decree as a matter of law.” Before a ruling was made on this motion the plaintiff's moved for a summary decree in their favor “upon the pleadings and affidavits on file herein and the opposing affidavits of the movants as filed herewith, for that same show that there is no genuine issue as to any material fact; that defendant has not contravened, by its supporting affidavits, any material fact or allegation of plaintiffs’ Bill of Complaint, and that plaintiffs are entitled to a Final Decree as a matter of law.”
These motions for summary final decree were brought on for hearing at the same time. After consideration of these motions and exhibits and affidavits filed in support thereof, the trial court entered a final decree in which it found that the plaintiffs were the owners in fee simple absolute of an easement in gross over the lands of the city but that the option to purchase said lands was void and unenforceable.
On this appeal the city attempts to question the right of the trial court to enter, a final decree on the motions, pleadings and affidavits while, as the city asserts, there still remained in the cause undisposed of “genuine issues as to material facts.”
While a summary final decree should never be entered on bill and answer on the whole case so long as there remain undisposed of material disputed facts affecting the issues, Wood v. Kleaveland, Fla., 64 So.2d 684, it is settled that where every material fact essential to a’ final decree in favor of one party is admitted by his adversary’s pleadings, or is established by a proper construction of all the pleadings, depositions, admissions, and affidavits on file, the entry of a final decree on bill and answer is appropriate and should be encouraged in the interest of terminating litigation without further expense or delay. Day v. Norman, Fla., 42 So.2d 273; see also Boyer v. Dye, Fla., 51 So.2d 727.
In the instant case the issue as to the' validity of the option purchase agreement was resolved in favor of .the defendant, and the plaintiffs have raised no question about the propriety of this ruling. Consequently, the only other issue in the case was that raised by the simple denial of the allegation in the plaintiffs’ complaint, that the grantee in the deed had fulfilled, complied with and effected in toto within the time allowed the obligation and conditions required of him in the development and improvement of the lands involved.
As we view the record, every material fact in respect of this issue was either admitted by the affidavits and exhibits filed by the defendant in support of its answer and motion or was definitely established in favor of the plaintiffs upon a proper construction of all the affidavits and exhibits in the cause considered as a whole. Consequently, there remained no genuine issue as to any material fact which would have required the taking of further testimony, and the trial court acted correctly in rendering the decree appealed from.
The decree appealed from should be affirmed.
It is so ordered.
TERRELL, . Acting Chief Justice, MATHEWS, J., and BIRD, Associate Justice, concur.