On Petition for Rehearing
PER CURIAM.
The petition for rehearing filed by the above petitioner having been duly considered, it is ordered that said petition be and the same is hereby denied.
TERRELL, THOMAS, HOBSON and DREW, JJ., voting to deny said petition.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concurring, voting to grant said petition.
HOBSON, Justice.
Because I do not consider this case to be before us on the merits I vote to deny the Petition for Rehearing. The only question presented is: Did the Circuit Judge err in denying the motion of Petitioners for the entry of a summary final decree? It appears to me that if the matter were here upon the merits our pronouncements in the Case of Bowden v. Jacksonville, 52 Fla. 216, 42 So. 394, as suggested in the opinion prepared by Mr. Chief Justice MATHEWS, would be controlling.
MATHEWS, Chief Justice.
Two clear reasons exist for the granting of the petition for rehearing:
First, the bill is without equity. An abutting owner’s easements of light, air, access *705 and view are appurtenant to the land,' and are not capable of separate conveyance. Consequently, they are incapable of an implied sale and an implied vendor’s lien, for their value, as were relied on in Florida Southern R. Co. v. Hill, 40 Fla. 1, 23 So. 566, 74 Am.St.Rep. 124, and similar cases. The damages if any to such rights, or to the abutting property for infringement of such rights, is a tort and cannot form the basis of a suit in equity for their recovery. Tampa & G. C. R. Co. v. Mulhern, 73 Fla. 146, 74 So. 297. Consequently, the complaint and the injunction issued thereunder should not have been maintained.
A motion to dismiss by each of the petitioners remains undisposed of in the lower court. The last paragraph of the order under review reads as if it were a ruling on such a motion; at any rate, a granting of the motion for summary final decree would have disposed of the entire controversy.
Respondents do not pretend to sue for their damages in common with the public; such suit can be maintained only in behalf of the State. Therefore, the granting and the maintenance of the injunction is without legal basis.
Second, the record as a whole is not sufficient to bring the case within the test of Bowden v. City of Jacksonville, 52 Fla. 216, 42 So. 394, and its antecedent cases. There was no material issue of fact. The order under review seems to consider only the sufficiency of the allegations of the bill; this is proper on a motion to dismiss, but the motion in question was for summary final decree on the “pleadings and depositions on file and the affidavits and resolution attached.” As traffic increased, the road crossing became more hazardous, and this is true whether the railroad traffic crossed the highway on one track, or two, or five or ten or fifteen. Therefore, the facts shown in the record disclose that the State Road Department, in determining upon the construction of a viaduct, was acting to adjust the level of the highway for the safety of the traveling public and therefore was acting within its lawful discretion and authority to change the grade of highways and streets - without liability to abutting owners, within the rule of the Bowden case and related cases, supra. There was no claim of malice, negligence or unskillfulness in the use or improvement of the highway or street. The facts showed no unlawful diversion of the street from street purposes. There was, therefore, no ground for relief under the Bowden case. In City of Anna Maria v. Hackney, Fla., 75 So.2d 693, 695, Mr. Justice Sebring said:
“While a summary final decree should never be entered on bill and answer on the whole case so long as there remain undisposed of material disputed facts affecting the issues, Wood v. Kleaveland, Fla., 64 So.2d 684, it is settled that where every material fact essential to a final decree in favor of one party is admitted by his adversary’s pleadings, or is established by a proper construction of all the pleadings, depositions, admissions, and affidavits on file, the entry of a final decree on hill and answer is appropriate and should be encouraged in the interest of terminating litigation without further expense or delay. Day v. Norman, Fla., 42 So.2d 273; see also Boyer v. Dye, Fla., 51 So.2d 727.”
In the same opinion, Mr. Justice Sebring also held that the mere fact that an answer made a denial of facts in a complaint did not cause such facts to be material issues preventing a summary final decree.
Common ownership between the common carrier railroad and' the industrial mill, or a variance between what the Chairman of the State Road Department told respondents’ attorney would be done and what the State Road Department actually did, are without legal effect as against facts duly shown. The statutes provide how the State Road Department shall act to be bound. F.S. § 341.08, F.S.A. reads as follows:
“ * * * No action shall be binding when taken by the (state road) department except at a regular or called *706 meeting and duly recorded in the minutes of said meeting.”
The resolution of the State Road Department shows a finding that the railroad traffic makes the crossing sufficiently hazardous to highway traffic to justify the construction of an overpass. This finding was properly made, and there is no further question open under the Bowden decision.
When the Chancellor in denying the motion for summary decree found that the construction of the project would materially damage only the consequential rights of the plaintiff, then his further finding that such construction would be under circumstances justifying the payment of appropriate compensation was inconsistent with the first finding. When it was found that the change of the grade of the state road to build an overpass may have resulted in consequential damages only, there could be no recovery unless there were proper allegations of malice, negligence or unskill-fulness. There were no such allegations.
It is said that there appears to be a “material issue of fact created by the complaint and the answer of the State Road Department.” We fail to find any such material issue of fact. No such issue is pointed out in the findings by the lower court or at any place in the record. If there was any material issue of fact, then a court of equity is not the proper forum to try such question.
Reduced to its last analysis the respondents disagree with the State Road Department as to what should be done in order to malee a state road best serve the public. The respondents have no objection to the maintenance or widening of the state road so long as the grade is not changed in front of their property. Such conflict between the desires of property owners and administrative boards exists wherever public improvements are contemplated. In the case of Pirman v. Florida State Improvement Commission, Fla., 78 So.2d 718, the property owners were satisfied with the public improvement if it would be located and built in accordance with their wishes and so as to benefit their property. In that case they stated that they would have no objection if the road in question was built around a bay so as to benefit their property instead of being in the form of a bridge over or across a bay.
If the hands of the State Road Department are to be tied by the desires and wishes of private property owners when such administrative board is exercising its judgment and discretion in changing the grades of state roads at railroad crossings in the interest of safety, it would be difficult for the Road Department to perform the duties vested in it by law.
Granting of the motion for summary final decree would have disposed of the entire case. The petition for rehearing should be granted, and upon certiorari granted, the order denying said motion for a summary final decree should be quashed, with directions to grant the motion for a summary final decree.