366 So.2d 391 (1978)
Reginald C. KENDRY et ux., et al., Petitioners,
v.
DIVISION OF ADMINISTRATION, STATE of Florida, DEPARTMENT OF TRANSPORTATION, Respondents.
No. 51312.
Supreme Court of Florida.
December 7, 1978.
Gary S. Brooks of Williams, Salomon, Kanner, Damian, Weissler & Brooks, Miami, for petitioners.
H. Reynolds Sampson, Gen. Counsel, and Alan E. DeSerio and Jay Beckerman, Tallahassee, for respondents.
HATCHETT, Justice.
Can a property owner recover severance damages due to the partial taking of his *392 land when the taking is in violation of a restriction contained in a perpetual easement? The Fourth District Court of Appeal answered this question in the negative,[1] contrary to the rule of law announced in City of Tampa v. Texas Co., 107 So.2d 216 (Fla. 2nd DCA 1958). We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution. For the reasons expressed herein, the decision of the Fourth District Court of Appeal is quashed and the cause remanded for further proceedings consistent with this opinion.
Petitioners are four families, each owning a parcel of land bordering on the western shore of the Indian River in Brevard County. Prior to April, 1961, the properties were traversed, north and south, by a two lane highway designated as State Road 4. Petitioners' homes and businesses were located on the west side of the road. Their boat docks were on the east side, along the shore of the river.
The properties were burdened by an easement to the state allowing it the right to widen State Road 4 along its eastern boundary. There was a restriction in the easement, however, prohibiting the state from increasing the elevation of the road.
In 1961, without offer of compensation, the state widened the highway into a four lane road, and in doing so increased the elevation of the new highway approximately five feet. In 1965, petitioners filed suit for inverse condemnation, alleging that a taking of their property had occurred in three respects: (1) by violation of the easement restriction prohibiting any increase in the elevation of the road; (2) by virtue of rainwater runoff rendering petitioners' properties unusable; and (3) by elimination of petitioners' riparian rights. The trial court dismissed the complaint, finding that it failed to state a cause of action. The Fourth District Court of Appeal reversed, stating that when the state raised the elevation of the road, it substantially violated the restriction in the easement imposing an additional burden on the servient estate, which could amount to a taking.[2]Moore v. Choctawhatchee Electric Co-Operative, Inc., 196 So.2d 788 (Fla. 1st DCA 1967); Jarrett Lumber Corp. v. Christopher, 65 Fla. 379, 61 So. 831 (1913); Seaboard Air Line Ry. v. Southern Investment Company, 53 Fla. 832, 44 So. 351 (1907). The district court also found that where construction by the state causes flooding of abutting private property, amounting to a permanent invasion of the land, there is a taking. Finally, the court found that the allegations in the complaint were sufficient to show a complete taking of the riparian rights of petitioners because the state had filled submerged lands in the riverbed east of the boundary line of petitioners' property. Kendry v. State Road Department, 213 So.2d 23 (Fla. 4th DCA 1968). This court denied certiorari. 222 So.2d 752.
On remand, the trial court conducted a nonjury trial to determine whether a taking had in fact occurred. The trial judge ruled: (1) "[T]he raise in elevation amounted to a violation of the restrictions in the easement and amounted to a taking of plaintiffs' property;" (2) "[T]here had been no taking of the properties of the plaintiff which required the defendant to compensate them under the laws of this state for any damages incurred by the plaintiffs from rainwater ... flowing from plaintiffs' land by reason of the raising of the height of the new U.S. Highway 1;" and (3) "[T]here has been no taking of the riparian rights of the plaintiffs inasmuch as the plaintiffs became owners of their property subject to a road easement in favor of the state road department extending 200 feet east of the center line of the then existing road."
*393 Appeals were taken by both parties and the order of the trial court was affirmed, per curiam, and without opinion. State of Florida, Dept. of Transportation v. Kendry, 283 So.2d 901 (Fla. 4th DCA 1973).
The Department of Transportation then commenced condemnation proceedings. At a pre-trial conference, the property owners stipulated that the value of the property taken by virtue of the violation of the easement was nominal, thereby leaving only the issue of severance damage to be tried. An order was then entered finding that the "compensation, if any, to which the defendants are entitled is the actual damage to the defendant's property... ." The trial court further found that since the property owners stipulated that the actual damages were nominal, there was no need for trial on the merits. The court denied petitioners' request for compensation relating to water damage and riparian rights, stating that the previous court order had rendered those issues res judicata.
On appeal, the Fourth District Court affirmed, per curiam, and without opinion. Chief Judge Mager dissented with an opinion citing, inter alia, City of Tampa v. Texas Co., supra.
Article X, Section 6 of the Florida Constitution states:
Section 6. Eminent domain. 
(a) No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner or secured by deposit in the registry of the court and available to the owner.
Thus, when the state, through the exercise of its power of eminent domain, takes private property for public use, the landowner must receive full compensation for his loss. A landowner must also be compensated for damage to his property when the state takes less than an entire parcel. Section 73.071(3)(b),[3] Florida Statutes (1975), specifically provides that where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking may be awarded. These "damages to the remainder" are called "severance damages" and are measured by the reduction in value of the remaining property. City of Tampa v. Texas Co., supra. Where there is no taking, however, there will be no recovery. Although an abutting landowner may suffer consequential damage due to the use of public land made by public authority, such damage is not recoverable. Division of Administration, State of Florida Department of Transportation v. Hillsboro Assoc., Inc., 286 So.2d 578 (Fla. 4th DCA 1973).
Based on this principle, respondents argue that petitioners were not entitled to recovery since improvement of the road was accomplished within the state's existing easement. No additional land was actually appropriated. This position, however, ignores the finding of the trial judge in the original inverse condemnation suit, affirmed by the Fourth District Court of Appeal in State of Florida, Dept. of Transportation v. Kendry, supra, that the state's violation of the restriction contained in the easement amounted to a taking in fact.
The only question we must consider is whether petitioners are entitled to severance damages due to the partial taking of their rights in the property. The trial judge's order in the condemnation suit states:
At a pre-trial hearing held before me, this Court heard the legal arguments of counsel on behalf of the parties and, therefore, upon being fully advised in the premises, it is hereby
ORDERED AND ADJUDGED:
1. That Judge Akridge's Order entered January 26, 1975, renders the Defendants' request for compensation relating to water damage and riparian rights as res judicata.

*394 2. That the property taken, if any, was the violation of the restrictions in the right-of-way easements (referred to in Judge Akridge's Order as the Powell & Bottomley easements) located on the eastern half of State Road 4.
3. That the compensation, if any, to which the Defendants are entitled is the actual damage to the Defendants' property lying between the eastern most boundary of the aforementioned easements and the Indian River.
4. That counsel for the Defendants stipulates that the damage referred to in paragraph 3 hereof is nominal, thus, rendering the need for a trial on the merits as unnecessary.
Respondents urge us to uphold the judge's order, arguing that the first appellate decision in this case[4] established only that the allegations contained in petitioners' complaint were sufficient to state a cause of action. In order for petitioners to prevail, those allegations had to be proved by competent substantial evidence. City of Tampa v. Texas Co., supra. In the condemnation proceedings below, petitioners failed to offer any proof on the issue of damages and therefore failed to sustain their burden.
The trial court's order is not entirely clear on this point. It is our view that the trial judge limited the issue of damages prior to any offers of proof. It is obvious from a reading of petitioners' pre-trial statements that they intended to establish certain severance damages. Apparently, it was the trial judge's understanding of the law that petitioners were only entitled to compensation for the actual value of the property right taken, and since petitioners had previously stipulated that such value was nominal, there was no need for a trial on the merits. We disagree. As discussed above, Section 73.071(3)(b) expressly provides that a landowner is entitled to claim severance damages where less than his entire parcel is taken. For a detailed discussion of the nature of those damages, see City of Tampa v. Texas Co., supra.[5]
We recognize that the burden of showing damage to the remainder of a landowner's property is on the landowner. In this case, however, the landowners were foreclosed from presenting any evidence on this important issue because of the trial judge's express ruling that "compensation, if any, ... is the actual damage to [petitioners'] property... ." We hold that where a portion of a landowner's property is taken by the state by virtue of its violation of a restriction contained in a perpetual easement, the landowner may, upon sufficient proof, recover those damages to the remainder which were caused by the taking.[6]
Accordingly, the decision of the Fourth District Court affirming the trial court's order is quashed and the cause remanded for further proceedings consistent with this opinion.
It is so ordered.
ADKINS and BOYD, JJ., and MELVIN, Associate Justice, concur.
*395 OVERTON, J., dissents with an opinion, with which ENGLAND, C.J. and SUNDBERG, J., concur.
OVERTON, Justice, dissenting.
I emphatically dissent. There is absolutely no conflict between the instant per curiam affirmed decision of the Fourth District Court of Appeal and City of Tampa v. Texas Co., 107 So.2d 216 (Fla. 2d DCA 1958).
The lack of conflict is emphasized when the case purported to be in conflict is compared with the instant case. In City of Tampa v. Texas Co., supra, the City, as the condemning authority, had taken a small part of a parcel of property on which a filling station was situated. The erection of signs on the small parcel of land taken from the filling station property did not affect the remainder of the property. The adjacent street was lowered within the existing right-of-way, however, which caused substantial damage to the filling station property. The Second District Court of Appeal held that no recovery would be allowed if the damage was caused by activity upon land other than the land taken by the city. In dicta, the court stated that a property owner could recover severance damages if the improvement which caused the damage was constructed upon both the land taken by government and upon an existing right-of-way.
The property in issue in these proceedings had been the subject of much prior litigation. The District Court of Appeal in Kendry v. State Road Department, 213 So.2d 23 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 752 (Fla. 1969), held there was a taking from the petitioners because of the raising of the right-of-way contrary to a restrictive covenant contained in the original grant of the easement, which prohibited changes in the existing grade. Upon remand for inverse condemnation, the trial court, after a hearing and the taking of testimony, held that although petitioners were not entitled to compensation for water damage or an asserted loss of riparian rights, the elevation of the road violated the restrictive easement and amounted to a "taking." This decision was affirmed in State Department of Transportation v. Kendry, 283 So.2d 901 (Fla. 4th DCA 1973).
The cause now before us was before the trial court on remand from the District Court of Appeal pursuant to that decision to determine the compensation to be paid because of the change of the existing grade. Damages from water runoff or loss of riparian rights were to be excluded. After a pretrial conference, the trial judge issued the following order:
At a pre-trial hearing held before me, this Court heard the legal arguments of counsel on behalf of the parties and, therefore, upon being fully advised in the premises, it is hereby:
ORDERED AND ADJUDGED:
1. That Judge Akridge's Order entered January 26, 1975, renders the Defendants' request for compensation relating to water damage and riparian rights as res judicata.

2. That the property taken, if any, was the violation of the restrictions in the right-of-way easements (referred to in Judge Akridge's Order as the Powell & Bottomley easements) located on the eastern half of State Road 4.
3. That the compensation, if any, to which the Defendants are entitled is the actual damage to the Defendants' property lying between the easternmost boundary of the aforementioned easements and the Indian River.
4. That counsel for the Defendants stipulates that the damage referred to in paragraph 3 hereof is nominal, thus, rendering the need for a trial on the merits as unnecessary.
This is the order that was affirmed per curiam by the District Court of Appeal, Kendry v. Division of Administration, State Department of Administration, 341 So.2d 1012 (Fla. 4th DCA 1977), and is the subject of this action.
The characterization or construction of the order by counsel does not give this Court jurisdiction. Nothing in the order or in the limited record before us reflects that *396 the trial court held that petitioners were not entitled to severance damages resulting from the change of the existing grade. The ruling of the trial judge was clearly based upon the stipulation noted in paragraph 4 of the order. He never ruled on the issues which were the subject of the City of Tampa decision. On appeal, the District Court affirmed without rendering an opinion. In my view, this is merely a second appeal on the merits and an abuse of our conflict jurisdiction. Taking jurisdiction of this type of case under the conflict authority of Article V, Section 3(b)(3), Florida Constitution, has the practical effect of making our jurisdiction under that provision discretionary. I would discharge the writ.
ENGLAND, C.J. and SUNDBERG, J., concur.
NOTES
[1] Kendry v. Division of Administration, State of Florida, Department of Transportation, 341 So.2d 1012 (Fla. 4th DCA 1977).
[2] The court distinguished the present case from Bowden v. City of Jacksonville, 52 Fla. 216, 42 So. 394 (1906) and a long line of cases following it which hold that damages suffered by a landowner by reason of a change in grade of an adjoining street are non-recoverable, on the grounds that in this case, the state was bound by contract (restriction) not to change the grade. The Bowden case specifically recognized this exception to the general rule.
[3] Section 73.071(3)(b), Fla. Stat. (1975) provides in pertinent part:

(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, ...
[4] Kendry v. State Road Department, supra.
[5] Quoting from Orgel, Valuation under Eminent Domain, Vol. 1, page 253, the court stated, at 219:

"The courts have all recognized that the depreciation in market value of the remainder caused by the physical separation or severance of the part taken is due to the taking and they have held that compensation for this type of injury must be included in damages to the remainder. But they have distinguished these severance damages from the `consequential' damages arising by reason of the use to which the condemner intends to put the part taken."
Later, quoting from City of Crookstan v. Erickson, 244 Minn. 321, 69 N.W.2d 909, 912 (1955), the court concluded:
"Recovery is generally limited solely to the damage caused by the taker's use of the land acquired from the owner of the remainder area. Stated in another way, the owner of the remainder area is not ordinarily entitled to recover for damage caused his remaining land by the taker's use of property acquired from adjoining landowners even though his and all property taken from others is used to further the same project." [At 224.]
[6] We find all issues regarding water damage and riparian rights foreclosed and res judicata.