402 So.2d 1207 (1981)
In re DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
St. REGIS PAPER COMPANY, et al., Appellees.
No. WW-219.
District Court of Appeal of Florida, First District.
July 21, 1981.
Rehearing Denied September 18, 1981.
*1208 Alan E. DeSerio, Appellate Counsel, Joe Fixel, Trial Counsel, and H. Reynolds Sampson, Gen. Counsel, Dept. of Transp., Tallahassee, for appellant.
Edwin B. Browning, Jr., Madison, for appellee, Rosalie N. Priest.
Ernest M. Page, Jr., Madison, for appellees, Wilmer J. Coggins and Deborah R. Coggins.
LILES, WOODIE A. (Retired), Associate Judge.
The State Department of Transportation (DOT) appeals from a final judgment, after a jury trial, entered in an eminent domain proceeding. It assigns as error the trial court's directing a verdict based upon the assumption that the worst possible damage would occur to the remaining property, i.e., a total deprivation of access, and the trial court's awarding of fees and costs.
This cause arose from an eminent domain proceeding where DOT acquired property for the reconstruction and rerouting of U.S. 90 (State Road 10) in Madison County, Florida, in conjunction with the construction of a new bridge across the Suwannee River. The project required the acquisition of 2.53 acres from Parcel 102 and .6 acres from Parcel 103. Prior to the acquisition, a trail road was used to provide access to both parcels. However, this trail road was cut by the State's acquisition, thus raising the question of what access remained.
During the trial of its case, DOT attempted to offer into evidence certain plans and specifications to demonstrate that part of the construction plans for the highway included "standard turnouts" which would be built to allow access to Parcels 102 and 103. These "standard turnouts" were to be demonstrated by incorporation of a "Standard Detailed Turnout Index Number 515" and the Standard Specification Book. After extensive examination, the trial court initially admitted the entire set of plans and documents so DOT could show how access would be afforded to Parcel 102. When the same was attempted for Parcel 103, it became clear that the turnouts were not provided on the plans themselves. The trial judge then denied admission into evidence of DOT's plans and specifications as they related to access, if any, on either or both of the parcels and further refused to admit engineering testimony regarding the manner of construction. He also directed a verdict for the landowners based upon the assumption that the worst possible damage would occur to the remaining property, i.e., total deprivation of access.
Our examination of the State's plans and specifications confirms that there was nothing in them that would show any access to the landowners' property. Further, there was no authority conferred upon any designated engineer or other testifying official to make commitments for DOT on the details of the proposed construction. Accordingly, absent a binding witness or specific plans, the trial judge did not err in denying admission of the disputed evidence and testimony and in granting the landowners' motion for directed verdict on the subject of access. See Hodges v. Jacksonville Transportation Authority, 353 So.2d 1211, 1214 (Fla. 1st DCA 1977). See also Central & S. Fla. Con. District v. Wye River Farms, *1209 Inc., 297 So.2d 323, 328-9 (Fla. 4th DCA 1974).
The judgment is therefore AFFIRMED.
ERVIN, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.