WEINBERG, RICHARD G., Associate Judge,
dissenting:
I respectfully dissent from the majority in their affirmance of the summary judgment of foreclosure. The answer of the appellants (defendants below), although unverified, raised substantial issues of material fact which could not be resolved by summary judgment. Appellants’ opposition to appellees’ (plaintiffs below) motion for summary judgment was certainly not a model example of the proper method of withstanding such a motion. Appellees’ motion for summary judgment did allege a default, the accelerated amount due to include costs and attorney’s fees. However, the impediment to summary judgment was the substance of appellees’ affidavits, which did not fairly overcome the unverified answer, which alleged, inter alia:
4. That during the course of the mortgage or mortgagee relationship the only payment the Defendants were behind was that for June.
5. That Defendants paid that payment along with the next payment.. .. That Plaintiffs accepted such payment when tendered by Defendants.
******
18. That Plaintiffs accepted the tender knowingly.[1]
The record indicates the foreclosure action had been filed by appellees prior to the restoration of payments. The unresolved question of fact involves the possible acceptance by appellees of the delinquent payments, which could have nullified the foreclosure. The trial court was compelled to “try the case” on appellees’ affidavits, which did not substantially rebut the answer.
There is also some question as to the applicability of Scarfo v. Peever, 405.So.2d 1064 (Fla. 5th DCA 1981) to this case. Scarfo holds that the filing of a mortgage foreclosure action accelerates the debt, absent evidence of waiver or estoppel on the part of the mortgagee. In the case sub judice, the summary judgment proceedings did not (and could not) resolve the factual dispute that may have made Scarfo applicable.[2] In short, the instant matter should have been heard on the merits and hence I would reverse.

. See City of Anna Maria v. H.C. Hackney, 75 So.2d 693 (Fla.1954) (unverified answer is normally insufficient to create factual issue when moving party establishes all material facts by affidavit or other sworn pleadings).

. It should also be emphasized that Scarfo was decided after a trial on the merits,