DELL, Judge.
Appellants claim that the trial court erred when it granted appellees’ motion for partial final summary judgment. We agree. Appellee filed its original complaint against appellants seeking damages for breach of a lease agreement. The day before a pending motion to dismiss the complaint was granted appellees filed a motion for summary judgment. The original complaint was dismissed and appellee *1125 was given ten days to amend. The amended complaint was filed fifteen days after the motion for summary judgment. The trial court entered its order granting summary judgment seventeen days after the amended complaint was filed.
Review of the record shows that appel-lees’ amended complaint superseded the original complaint. Unlike the complaint in Coffman Realty, Inc. v. Tosohatchee Game Reserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980), the amended complaint here contained material and substantial changes from those alleged in the original complaint. Appellees’ amended complaint is more akin to that considered by the court in Babb v. Lincoln Auto Finance Co., 133 So.2d 566, 568 (Fla. 3d DCA 1961):
Plaintiffs were then granted leave to amend and filed an amended complaint which was complete in itself and did not refer to or adopt the original complaint. This constituted an abandonment of the original complaint which was superseded, ceased to be a part of the record and could no longer be used as a pleading. At this stage in the proceedings, plaintiffs’ only pleading was the amended complaint, (citations omitted).
In our view, the filing of the amended complaint constituted commencement of the action for purposes of determining compliance with the rule regarding summary judgments. Rule 1.510(a), Florida Rules of Civil Procedure provides that the plaintiff may move for summary judgment “... at any time after the expiration of twenty days from the commencement of the action....” In Wood v. Kleaveland, 64 So.2d 684 (Fla.1953), the plaintiff moved for summary judgment four days after the filing of an amended complaint. The supreme court said:
Within the meaning and clear intention of this rule the “commencement of the action” was June 9, 1952, the date the amended bill of complaint was filed.
Id. at 684.
Appellees’ motion for summary judgment was filed less than twenty days after the commencement of the action. Accordingly, we reverse on the authority of Wood.
REVERSED and REMANDED.
HERSEY, C.J., and GUNTHER, J., concur.