PER CURIAM.
Appellant, Mildred Partyka, challenges a final judgment in an eminent domain action which failed to award severance damages for her remaining property. Appellant argues that the trial court erred when it excluded proposed site plan exhibits. We agree and reverse. Appellant also contends that the trial court improperly instructed the jury regarding severance damages. We address this issue to clarify the legal principles which will arise on retrial.
The Florida Department of Transportation (“DOT”) filed an eminent domain action against appellant, to condemn Parcel 110, approximately 10,980 square feet, of her property. The “taken property” was to be a future right-of-way developed by the State as part of its comprehensive plan to widen Indiantown Road. Full compensation for taking private property for a public purpose when less than the entire property is taken consists of the value of the property taken and severance damages to the remainder caused by the taking, if any. See § 73.071(2), (3)(a) & (b), Fla.Stat. (1991); Broward County v. Carney, 586 So.2d 425 (Fla. 4th DCA 1991); Department of Transp. v. Frenchman, Inc., 476 So.2d 224 (Fla. 4th DCA 1985), rev. dismissed, 495 So.2d 750 (Fla.1986).
The appellant sought severance damages based on the lessened value of the reduced size or shape of the remaining property. See Kendry v. Department of Transp., 366 So.2d 391 (Fla.1978). We agree with appellant that the trial court erred when it excluded appellant’s proposed site plan exhibits, ruling that the plans were speculative.
Appellant sought to introduce the site plans into evidence to present her theory of damages to her remaining land; that is, its decreased value due to its shape. The site plans depicted appellant’s remaining land at its highest and best use under the existing zoning. See Yoder v. Sarasota County, 81 So.2d 219 (Fla.1955) (it is proper to show the highest and best use to which the property is being put or could reasonably be put at the time of the lawful appropriation or within a reasonable time thereafter). We disagree with the DOT's contention this error was harmless. The excluded plans were perhaps the clearest form of evidence available to demonstrate the remaining property’s utility before and after the taking.
Appellant challenges two of the trial court’s rulings regarding access to her remaining property. We find no merit to appellant’s position that it was error to permit DOT’s engineer to testify about the significance of DOT’s standard index on access which was admitted into evidence and purportedly conflicted with other plans in evidence. The trial court was advised that the DOT is bound by its engineer’s access testimony which was predicated on the standard index. Cf. Department of Transp. v. St. Regis Paper Co., 402 So.2d 1207 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 464 (Fla.1982). Appellant should avail herself to the remedy set forth in Central and Southern Flood Control Dist. v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974), if the project is not constructed in accordance with the submitted plans and testimony. See also Trailer Ranch v. City of Pompano Beach, 500 So.2d 503 (Fla.1986).
However, we agree with appellant that the trial court erred by prohibiting her *497 counsel to ask expert witnesses hypothetical questions concerning the value of the remaining property without access. There was conflicting testimony presented regarding access, and the jury was instructed to consider any diminished access as part of appellant’s severance damages.
Appellant also argues that the trial court erred in failing to instruct the jury that severance damages may include the reduced value of the remaining property caused by the change of grade between the owner’s remaining property and the property taken. As noted, we analyze this issue for future guidance on retrial.
Pursuant to section 73.-071(2), (3)(a),(b), Florida Statutes (1991), when less than the entire property is taken, compensation for damage to the remainder can only be awarded if such damage is caused by the taking. In Department of Transp. v. Capital Plaza, Inc., 397 So.2d 682 (Fla.1981), severance damages were not permitted where the DOT’S construction of a median within its preexisting right-of-way, rather than the taking, caused the alleged damage. In Jacksonville Expressway Authority v. Milford, 115 So.2d 778 (Fla. 1st DCA 1959), a landowner whose land was partially taken, sought severance damages because of a grade change in the preexisting right of way. The landowner/condemnee argued that his taken property was an “integral and inseparate part” of the overall project. The First District rejected the landowner’s argument stating that severance damages can only be awarded if the grade change occurred on the land taken from the con-demnee. Id. at 782.
Similarly, this court in Department of Transp. v. Ness Trailer Park, Inc., 489 So.2d 1172 (Fla. 4th DCA), rev. denied, 501 So.2d 1281 (Fla.1986), relied on Jacksonville Expressway to hold that a trial court erred by permitting the jury to hear testimony that severance damages for “loss of access” could be awarded for the remaining property. In Ness Trailer, the damage testimony was based on the reduced value of the remaining property that “purportedly resulted from the effect of the entire comprehensive project, and not from the mere taking of Parcel 106 and any direct obstruction of access resulting therefrom”. 489 So.2d at 1179.
In the instant case, testimony revealed that counties require property owners to fill their property to a certain height/grade above the crown of the road before constructing improvements. Appellant claims that she was entitled to the jury instruction because there was expert testimony that the “grade” of the road was changed on the “parcel taken” as contemplated by section 73.071(3)(b), necessitating additional fill to be required in her remaining property in order to utilize it. Therefore she was entitled to severance damages on this basis. DOT contends that damages based on the increased fill were not compensable as the fill is only necessary because the crown of the road was increased due to the overall expansion project.
We have carefully reviewed the record provided. The expert testimony regarding the “grade change on the property taken” does not appear to correspond with the plans and specifications contained in the record, thus impairing our ability to fully address the issue.[1] See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). We would agree with DOT that appellant is not entitled to severance damages simply because of the increased level of the crown of the “improved” road. However, appellant’s severance damages are compensable to the extent that the increased grade on the property taken necessitates additional fill to her remaining property over and above that necessary prior to the taking.
*498 We reverse the final judgment and remand for a new trial consistent with this opinion.
WARNER, POLEN, JJ., and FEDER, RICHARD Y., Associate Judge, concur.

. Trial counsel should note that to preserve issues for appellate review in cases which necessarily involve diagrams and maps, such as eminent domain cases, it is imperative that this court be able to follow either a witness’s testimony or counsel’s argument as to how such testimony and argument corresponds directly to the documentary evidence discussed and later challenged.