FARMER, Judge,
concurring.
I agree with the court’s affirmance of the trial court’s order denying the former wife’s petition for modification of the final judgment of dissolution of marriage. The real question presented is whether the former wife’s attempted pleading could be amended to state grounds for additional or extended alimony. The trial judge dismissed with prejudice, so she was barred from even attempting one more time to state grounds for relief.
Like so many dissolution of marriage eases, this one was concluded with a comprehensive settlement agreement. There were provisions transferring, recognizing, and waiving various property interests. One separate provision provides that her rehabilitative alimony is nonmodifiable as to both amount and duration. In an entirely separate clause, they agreed that he would indemnify her as to certain tax obligations.
In her petition for modification, she alleges that the government has since forced her to pay one of those same tax obligations. She does not allege that she has made any demand on him for indemnification. Instead, she has asked the marital dissolution judge to modify their settlement agreement to extend the alimony provided therein or make it permanent. He properly declined to do so, as he construed the parties’ settlement agreement to waive a claim for alimony other than as set forth in it.
While I concur with the admonition directing the judge on remand to give her another chance to plead for modification of alimony, I question whether it is possible for her to state a valid basis for extending or modifying alimony she has already waived. There is no doubt that she has an obvious remedy by a money damages lawsuit against him for breaching the indemnification provision. The fact that she anticipates difficulty in collecting a money judgment does not demonstrate the inadequacy of the legal remedy and the presence of equitable jurisdiction. Tampa & G.C.R. Co. v. Mulhern, 73 Fla. 146, 74 So. 297 (1917) (allegation that obligor is insolvent and that money judgment would be uncollectible insufficient to show inadequacy of legal remedies).
It seems to me that whether she can state a cause of action for modification depends on whether she can have rescission of her fully executed covenant waiving alimony on account of his nonperformance of his separate covenant to indemnify her as to the tax claims.[2] The answer to that question of rescission will, I think, be controlled by the following:
“As a general rule, rescission is granted for fraud as to existing fact, but not for failure to perform a covenant or promise to do an act in the future, unless the covenant breached is a dependent one. Conditions or covenants in a contract are classed as dependent or independent from a eonsider- *592 ation of the intention and understanding of the parties as shown by the whole contract.
“A covenant is independent where it does not go to the whole consideration of the contract but is only subordinate and incidental to its main purpose, and the breach of such a covenant will not ordinarily constitute a sufficient reason for rescission.
“A covenant is dependent where it goes to the whole consideration, of the contract; where it is such an essential part of the bargain that the failure of it must be considered as destroying the entire contract; or where it is such an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted. A breach of such a covenant amounts to a breach of the entire contract; it gives to the injured party the right to sue at law for damages, or courts of equity may grant rescission in such instances if the remedy at law will not be full and adequate.
******
“In either of the above situations, where the bill is based on breach of a dependent covenant or upon fraud, equity will not usually order rescission unless the condition of the parties as it existed prior to the execution of the contract can be restored.” [C.O.]
Steak House Inc. v. Barnett, 65 So.2d 736, 737-738 (Fla.1953).
While we could ourselves indulge in a thorough study of the face of the settlement agreement and thus make a determination as to these issues, I agree that we should refrain from doing so in the first instance. The trial court should make the necessary analysis upon a proper pleading attempting to allege a basis for this kind of relief. For now, even though I might believe that she cannot possibly show that either the fully executed waiver of alimony was dependent on the executory covenant of IRS indemnification, or that the parties could be restored to the position they were in at the time of contracting, I agree that she should be given at least one more chance to plead it.

. I put aside for the moment the issue whether equity will consider rescission of a nonexecuto-iy — i.e., where the promise has already been fully performed — covenant (waiver of alimony).